IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON LACEY, | No. CIV S-10-1695-JAM-CMK |
| Plaintiff, | |
| vs. | ORDER |
| B. HAMKAR, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983.[1]

Defendants seek reconsideration of the court's January 18, 2012, order granting plaintiff's motion for leave to file a first amended complaint. Under Federal Rule of Civil Procedure 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. In this case, the January 18, 2012, order was the result of a clerical mistake. Specifically, plaintiff set the motion for leave to amend for hearing before the District Judge on February 22, 2012. Thus, pursuant to Eastern District of California Local Rule 230(c),

---

[1] The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A).

1

defendants' response was not due until 14 days prior to the hearing date.  At the time plaintiff's motion was filed, however, the court was still processing this case as a prisoner civil rights action governed by Local Rule 230(l), which specifies that motions in such cases are decided on the papers without oral argument and that oppositions are due within 21 days after service of the moving papers.[2]  As of January 18, 2012, no opposition to plaintiff's December 6, 2011, motion for leave to amend and so the court regarded the motion as unopposed and granted the motion.  Given that defendants' counsel reasonably believed that their opposition was not due until 14 days prior to the February 22, 2012, hearing, and given a gray area which exists in the local rules, the court finds that the characterization of plaintiff's motion as "unopposed" resulted from a clerical mistake because it was issued before defendants believed their opposition was due.  For this reason, the motion for reconsideration will be granted and the January 18, 2012, order will be vacated.

Given this, plaintiff's December 6, 2011, motion for leave to amend, as well as defendants' September 12, 2011, motion for summary judgment are again pending motions on the court's docket.  The motion for leave to amend is fully briefed (the court construes defendants' motion for reconsideration as their opposition, and plaintiff's opposition to the motion for reconsideration is his reply), and the matter will be set for oral argument.  Following

---

[2] The court's Local Rules do not precisely address the situation presented in this case, to wit a case that begins as a prisoner civil rights case with the plaintiff proceeding pro se and in which the plaintiff later retains counsel.  Local Rule 230(l) governs briefing in cases where one party is incarcerated and proceeding pro se, which was the posture of this case when it was initiated.  Local Rule 302(c)(21) provides that actions in which all the plaintiffs or defendants are proceeding pro se are referred to the assigned Magistrate Judge for all motions.  Given the specific reference in Local Rule 302(c)(17) to "a person in custody," Local Rule 302(c)(21) addresses cases involving non-incarcerated parties, which is not the situation in this case.  There is no local rule which addresses the situation where a prisoner retains counsel and remains incarcerated.  Because the plaintiff has counsel, Local Rule 230(l) does not seem to apply.  But, because the plaintiff is still incarcerated, Local Rule 302(c)(21) does not seem to apply either.  Because this case existed in this gray area between the rules, the District Judge entered a minute order specifically referring this matter to the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A).  Henceforth, the provisions of Local Rule 230(l) shall not apply to this case and all motions shall be set for hearing before the Magistrate Judge.

resolution of the motion for leave to amend, the pending motion for summary judgment will be set for hearing, if appropriate.

        Accordingly, IT IS HEREBY ORDERED that:

        1.      Defendants' motion for reconsideration (Doc. 30) is granted;

        2.      The January 18, 2012, order is vacated;

        3.      The first amended complaint filed on January 18, 2012, is stricken pending further order on plaintiff's motion for leave to amend; and

        4.      The matter is set for hearing on plaintiff's motion for leave to amend on February 23, 2012, at 10:00 a.m. before the undersigned in Redding, California.[3]

DATED: February 15, 2012

                                                  */s/ Craig M. Kellison*
                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE

---

[3] Telephonic appearances are authorized and encouraged for out-of-town parties and/or counsel, unless otherwise directed by the court.