1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    JASON LACEY,                         No. CIV S-10-1695-JAM-CMK

12              Plaintiff,

13        vs.                              ORDER

14    B. HAMKAR, et al.,

15              Defendants.

16    _____/

17              Plaintiff, a prisoner proceeding with retained counsel, brings this civil rights

18    action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for leave to

19    amend (Doc. 27).  The parties appeared for a hearing on February 23, 2012, at 10:00 a.m. before

20    the undersigned in Redding, California.  William Eugene Gilg, Esq., appeared for plaintiff, and

21    Leslie R. Wagley, Esq., appeared for defendants.  After hearing argument, the matter was

22    submitted.

23    / / /

24    / / /

25    / / /

26    / / /

                                            1

1    This action currently proceeds on the original complaint, filed on July 1, 2010.

2 Plaintiff alleges deliberate indifference by defendants Hamkar, Ma, and Sweeny in connection

3 with medical problems plaintiff experienced in January 2009.  Following the retention of

4 counsel, plaintiff now seeks leave to amend in order to: (1) add Suma Joseph, R.N., as a new

5 defendant; and (2) allege compliance with the state's government tort claims requirements in

6 order to proceed in this action with state law professional negligence claims against all

7 defendants.  Where leave of court to amend is sought, the court considers the following factors:

8 (1) whether there is a reasonable relationship between the original and amended pleadings; (2)

9 whether the grant of leave to amend is in the interest of judicial economy and will promote the

10 speedy resolution of the entire controversy; (3) whether there was a delay in seeking leave to

11 amend; (4) whether the grant of leave to amend would delay a trial on the merits of the original

12 claim; and (5) whether the opposing party will be prejudiced by amendment.  See Jackson v.

13 Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).  Leave to amend should be denied where

14 the proposed amendment is frivolous.  See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186

15 (9th Cir. 1987).

16    In opposing plaintiff's motion, defendants argue, among other things, that plaintiff

17 unduly delayed in seeking leave to amend, creating prejudice to defendants.  The court finds this

18 argument to be persuasive.  The following is a timeline of relevant events:

19          January 2009        Events alleged in complaint.

20          July 1, 2010        Complaint filed.

21          February 7, 2011    All defendants answer.

22          May 26, 2011        Counsel retained by plaintiff.

23          June 9, 2011        Plaintiff's counsel files notice of appearance.

24          June 13, 2011       Discovery closes.

25          September 12, 2011  Defendants' motion for summary judgment filed.

26          December 6, 2011    Plaintiff's motion for leave to amend filed.

1   The court agrees with defendants that plaintiff unreasonably delayed seeking leave to amend.  In

2   particular, plaintiff knew or should have known in January 2009 about Joseph's alleged

3   involvement, yet he waited until after discovery had closed and a motion for summary judgment

4   had been filed to seek leave to amend.  Similarly, plaintiff either knew or should have known

5   whether or not he complied with the state's tort claims process as of the time he filed the original

6   complaint, yet he waited until December 2011 to seek leave to amend.

7           Other than pointing out that plaintiff was initially proceeding without the

8   assistance of counsel, plaintiff's counsel does not adequately explain why plaintiff should not

9   have known about the facts underlying the proposed amendment long ago, and why plaintiff

10  himself could not have amended the complaint on his own.  Plaintiff's lack of legal education is

11  an insufficient excuse given that plaintiff was clearly educated enough to know how to file the

12  instant action.  And, plaintiff did in fact file a government tort claim.  If plaintiff was learned

13  enough to do these things, he was able to include allegations relating to tort claim compliance

14  and Joseph's involvement in the original complaint.  The questions involved here – who was

15  involved in plaintiff's medical care, and whether plaintiff filed a government tort claim – are not

16  complex legal issues requiring an attorney to explain.  Plaintiff himself was in the best position

17  to know these facts long ago.

18          The court also finds that plaintiff's delay would result in prejudice to defendants

19  should leave to amend be granted.  First, discovery would have to be re-opened in order to allow

20  defendants an opportunity to explore plaintiff's new allegations.  This could require further

21  depositions and certainly would entail further expense.  Second, defendants have already incurred

22  the significant expense of presenting a summary judgment motion, which would be mooted by an

23  amended complaint.  This would necessitate a new motion for summary judgment and additional

24  expense.

25          Finally, it is obvious that amendment at this late stage of the proceedings would

26  significantly delay a trial on the merits.

1    Defendants' fully briefed motion for summary judgment will be addressed by

2   separate findings and recommendations.

3    Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for leave to

4   amend (Doc. 27) is denied.

5

6    DATED:  February 23, 2012

7
                                        _____
8                                       **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26